[Cite as *State v. Cavin*, 2025-Ohio-1578.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio/City of Fremont                    Court of Appeals No. S-24-012

    Appellee                                      Trial Court No. 23 CRB 868

v.

Terrance J. Cavin                              **DECISION AND JUDGMENT**

    Appellant                                     Decided: May 2, 2025

* * * * *

James F. Melle, City of Fremont Prosecuting Attorney, for appellee.

James H. Ellis, III, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Terrance Cavin, appeals from a judgment of the Fremont Municipal Court convicting him of theft. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and Facts**

{¶ 2} On December 14, 2023, police arrested Cavin for theft in violation of R.C. 2913.02(A)(1) following an incident at the Fremont, Ohio, Walmart. The complaint was

filed in the Fremont Municipal Court on December 18, 2023. At arraignment, held on December 20, 2023, Cavin pleaded not guilty to the charge, and the trial court appointed counsel on Cavin's behalf.

{¶ 3} The matter was heard at a bench trial on April 30, 2024. The undisputed evidence established the following. On December 14, 2023, Robert Taylor was working as an asset protection investigator for Walmart, in Fremont, Ohio. At the time of the incident, Taylor was training a new asset protection investigator.

{¶ 4} At approximately 7:30 p.m. on that date, Taylor and the trainee observed Cavin and a female companion moving quickly and erratically in the grocery department. According to Taylor, Cavin and his companion were "scanning the area, looking up and down the aisles." Keeping continuous floor surveillance on the pair, Taylor and the trainee observed the woman conceal items of merchandise in her purse and they observed Cavin conceal items of merchandise on his person, inside the front of his pants.

{¶ 5} Taylor and the trainee maintained continuous surveillance of Cavin and the woman while they were in the store, and they approached and stopped the pair after they passed the last point of sale without paying for the items they had concealed. Prior to this, Cavin and the woman had attempted to pay for certain other items that were in a shopping cart, but the payment system was not equipped to accept payment from their Apple Pay account. Those items were left in the cart, and Cavin and the woman walked

2.

away and headed toward the exit doors. Neither Cavin nor the woman made any attempt to pay for the items that they had concealed.

{¶ 6} Cavin and the woman were escorted into the Walmart asset protection office, where Cavin pulled merchandise out of the front of his pants and laid it on the table. Taylor removed the merchandise from the table and put it in a cart. Meanwhile, the other suspect placed her items on the seat of the chair in the office. All of the items that were concealed by Cavin and the woman were depicted together in a photograph that was admitted as State's Exhibit 1. Those items were identified, and their values tabulated, on a training receipt that was admitted as State's Exhibit 2. The total value of the items taken was $176.77.

{¶ 7} Police were notified of the theft, and Sgt. Bush and Off. Holskey responded to the asset protection office. Sgt. Bush and Off. Holskey each testified that Cavin admitted in their presence to having committed the theft.

{¶ 8} At the conclusion of the State's case-in-chief, Cavin's trial counsel moved for acquittal of the charge pursuant to Crim.R. 29. The basis of the motion was, among other things, that the State had failed to prove which of the totality of the stolen items had been concealed in Cavin's pants. The trial court denied the motion.

{¶ 9} Cavin did not present any evidence and rested his case. Thereafter, he renewed his motion for acquittal under Crim.R. 29. Once again, the court denied the motion.

3.

{¶ 10} The trial court found Cavin guilty of the offense of theft in violation of R.C. 2913.02(A)(1) and immediately sentenced him to serve 90 days in the Sandusky County jail, with 75 days suspended. In addition, the trial court placed Cavin on two years non-reporting probation, imposed a fine of $50.00, and ordered restitution to Walmart in the amount of $12.96. Cavin timely appealed his conviction.

## Assignments of Error

{¶ 11} On appeal, appellant asserts the following assignments of error:

> I.    The trial court errored [sic] by denying appellant's motion for acquittal under Crim.R. 29(A).

> II.   The trial court caused a manifest miscarriage of justice in convicting appellant because the manifest weight of the evidence did not establish beyond a reasonable doubt all of the essential elements of the offense of theft in violation of R.C. 2913.02(A)(1).

## Law and Analysis

## First Assignment of Error

{¶ 12} Cavin argues in his first assignment of error that the trial court erred in denying his motion for judgment of acquittal pursuant to Crim.R. 29(A).

{¶ 13} Crim R. 29(A) provides:

> The court on a motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

4.

{¶ 14} "[A] motion for acquittal under Crim.R. 29(A) is a challenge to the sufficiency of the evidence." *State v. Daniel,* 2023-Ohio-2800, ¶ 46 (6th Dist.)*, citing State v. Messer*, 2017-Ohio-1223, ¶ 16 (6th Dist.), citing *State v. Brinkley*, 2005-Ohio-1507, ¶ 39. "A trial court's denial of a motion for acquittal under Crim.R. 29(A) '"is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence."'" *Id.*, citing *Messer* at ¶ 16, quoting *State v. Tenace*, 2006-Ohio-2417, ¶ 37. "In reviewing a challenge to the sufficiency of the evidence, an appellate court views the evidence in a light most favorable to the prosecution and determines whether 'any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.,* quoting *Messer* at ¶ 16, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997). "In making that determination, the appellate court does not weigh the evidence or assess the credibility of the witnesses." *Id.*, citing *Messer* at ¶16, citing *State v. Were*, 2008-Ohio-2762, ¶ 132. "The question of whether the evidence is sufficient to support a conviction is a question of law." *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶ 15} Here, Cavin was convicted of theft in violation of R.C. 2913.02(A)(1), which provides:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

> (1) Without the consent of the owner or person authorized to give consent.

**{¶ 16}** Cavin argues that the evidence was insufficient to support his conviction because there was no evidence to identify "any specific item concealed by Appellant from which it could be inferred, beyond a reasonable doubt, that the Appellant had obtained control of the property." Stated differently, Cavin apparently objects to the fact that there was no evidence to distinguish the items that Cavin concealed in his pants from the totality of the items that were stolen by Cavin and his female companion.

**{¶ 17}** The facts here are not in dispute. The State's evidence clearly established that Cavin exerted control over Walmart's property by concealing Walmart merchandise in his pants and then taking that merchandise, still in his pants, beyond the last point of sale. The merchandise that he had secreted in his pants, although not separately identified, was depicted in a photo exhibit together with the remaining items of property that were taken by Cavin's female companion. The evidence also demonstrates that Walmart never consented to the exercise of control over the merchandise, and that Cavin admitted to the theft when confronted by law enforcement officers. Thus, the evidence presented at trial demonstrates that Cavin purposely deprived Walmart of certain property, without Walmart's consent. Taken in its entirety, the evidence contained in the record is sufficient to support Cavin's conviction for theft. Accordingly, Cavin's first assignment of error is found not well-taken.

6.

## Second Assignment of Error

{¶ 18} Cavin argues in his second assignment of error that his conviction was against the manifest weight of the evidence. An appellate court reviewing the weight of the evidence in support of conviction sits as a "thirteenth juror," and will reverse only if it disagrees "'with the factfinder's resolution of the conflicting testimony.'" *State v. Cofield*, 2021-Ohio-3773, ¶ 29 (6th Dist.), quoting *Thompkins* at 387. (Additional citation omitted.) "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 19} Echoing the argument raised in his first assignment of error, Cavin claims in his second assignment of error that "the trial court lost its way in convicting [him] of theft due to the failure of the State to present any evidence as to what exact property [he] concealed in his pants." Here, there was no conflicting testimony to resolve. As indicated above, the evidence was sufficient to support Cavin's conviction for theft. Cavin concealed items he knew he did not own. That the evidence did not specifically identify which of the totality of stolen items were concealed in Cavin's pants did nothing to alter this conclusion. Neither does it render this an exceptional case in which the evidence weighs heavily against the conviction. Cavin's second assignment of error is therefore found not well-taken.

7.

## Conclusion

{¶ 20} The judgment of the Fremont Municipal Court is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.