[Cite as *State v. Gonzales*, 2025-Ohio-3305.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                  Court of Appeals No. WD-24-073

       Appellee               Trial Court No. 24CRB00489A

v.

Jamie Gonzales             **DECISION AND JUDGMENT**

       Appellee               Decided:  September 12, 2025

* * * * *

Mimi S. Yoon, City of Bowling Green Prosecuting Attorney, for appellee.

Dan M. Weiss, Esq., for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a September 30, 2024 judgment of the Bowling Green

Municipal Court, denying appellant's Crim.R. 29(A) motion for acquittal at the

conclusion of a bench trial on one count of resisting arrest, in violation of R.C.

2921.33(A), a misdemeanor of the second degree. For the reasons set forth below, this court affirms the judgment of the trial court.

Appellant, Jamie R. Gonzales, sets forth the following single assignment of error:

"APPELLEE'S EVIDENCE WAS INSUFFICIENT FOR THE COURT TO DENY APPELLANT'S CRIM.R.29(A) MOTION AND THE COURT TO FIND APPELLANT GUILTY."

{¶ 2} The following undisputed facts are relevant to this appeal. On April 28, 2024, the Bowling Green Police Department ("BGPD") obtained an arrest warrant for appellant on one count of burglary. The active warrant was then placed into the LEADS computer warrant tracking system. Later that same day, BGPD was notified by the FLOCK automated license plate recognition camera system that appellant's vehicle was detected parked outside of a plasma center in Bowling Green.

{¶ 3} Based upon the foregoing, two BGPD officers, Officer Clingenpeel and Officer Mancuso ("Clingenpeel" and "Mancuso") discussed and developed a time-sensitive arrest plan for appellant. Shortly thereafter, Clingenpeel and Mancuso traveled to the location where FLOCK had detected appellant's vehicle. Upon arrival, they observed appellant's vehicle and then positioned their police vehicle such that appellant's vehicle was blocked and could not be driven away.

{¶ 4} Shortly thereafter, Clingenpeel observed appellant exit the plasma center and head towards his vehicle. Clingenpeel approached appellant and notified him that there was an active arrest warrant against him for a burglary offense.

2.

{¶ 5} Appellant refuted the existence of the warrant, jumped into his car, and locked the front door.  Clingenpeel repeated a second time to appellant that he was under arrest based upon the active warrant and directed appellant to exit his vehicle.  Appellant again refused to comply.

{¶ 6} Over the course of the next several minutes, body cam footage reflects that Clingenpeel and Mancuso ordered appellant to exit his vehicle an additional 30 times.  Appellant repeatedly, recalcitrantly refused, and continued demanding to see the warrant.  Despite being told numerous times that he would be shown the warrant upon exiting the vehicle, appellant continued to refuse to do so.

{¶ 7} At this juncture, Mancuso opened an unlocked rear door, and facilitated the removal of appellant from the vehicle.  Mancuso directed appellant several times to get on the ground.  Appellant refused to do so.  Due to appellant's unyielding intransigence in response to all directives, Clingenpeel and Mancuso ultimately had no alternative but to physically put appellant on the ground, handcuff him, and place him under arrest.  After being arrested and handcuffed, appellant continued to physically resist as the officers attempted to place him into the rear of the police vehicle, necessitating that they forcibly place appellant inside the vehicle.  Appellant was then shown the active warrant for his arrest for burglary.

{¶ 8} Appellant was charged with one count of resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree.  On April 29, 2024, appellant was granted a continuance to obtain counsel.  Based upon his subsequent discontent with

3.

counsel, appellant filed a pro se motion requesting new counsel. Appellant's counsel simultaneously filed a motion to withdraw. The motion to withdraw was granted, and appellant obtained new counsel.

{¶ 9} The Bowling Green Municipal Court conducted a bench trial on the misdemeanor resisting arrest offense underlying this appeal. At the conclusion of the bench trial, appellant's counsel made a Crim.R. 29(A) motion for acquittal. It was denied. Appellant was found guilty, sentenced to a 90-day jail term, given credit for 36 days served, with service of the balance of the sentence stayed pending this appeal.

{¶ 10} In the sole assignment of error, appellant argues that the trial court erred in denying appellant's Crim.R. 29(A) motion for acquittal. We do not concur.

{¶ 11} In principle support of this appeal appellant unpersuasively maintains, "Appellant could not have reasonably contemplated that [his conduct] created a substantial and unjustifiable risk that would result in him [being] forcibly removed from his vehicle and charged with resisting arrest."

{¶ 12} As this court held in *State v. Cavin*, 2025-Ohio-1578, ¶ 14 (6th Dist.),

> [A] motion for acquittal under Crim.R. 29(A) is a challenge to the sufficiency of the evidence. *State v. Daniel*, 2023-Ohio-2800, ¶ 46 (6th Dist.), citing *State v. Messer*, 2017-Ohio-1223, ¶ 16 (6th Dist.), citing *State v. Brinkley*, 2005-Ohio-1507, ¶ 39. The trial court's denial of a motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence. *Id*., citing *Messer* at ¶ 16, quoting *State v. Tenace*, 2006-Ohio-2417, ¶ 37. In reviewing a challenge to the sufficiency of the evidence, an appellate court views the evidence in a light most favorable to the prosecution and determines whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id*., quoting

4.

*Messer* at ¶ 16, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997) * * *
The question of whether the evidence is sufficient to support a conviction is
a question of law. *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386
(1997).

{¶ 13} Crim.R. 29(A) provides,

The court on a motion of the defendant or on its own motion, after the
evidence on either side is closed, shall order the entry of a judgment of
acquittal of one or more offenses charged in the indictment, information, or
complaint, if the evidence is insufficient to sustain a conviction of such
offense or offenses. The court may not reserve ruling on a motion for
judgment of acquittal made at the close of the state's case.

{¶ 14} Here, appellant was convicted of resisting arrest, in violation of R.C.

2919.33(A), which provides, "No person, recklessly or by force, shall resist or interfere

with a lawful arrest of the person or another."

{¶ 15} In conjunction, R.C. 2901.22(C) defines acting recklessly as,

A person acts recklessly when, with heedless indifference to the
consequences, the person disregards a substantial and unjustifiable risk that
the person's conduct is likely to cause a certain result or is likely to be of a
certain nature. A person is reckless with respect to circumstances when,
with heedless indifference to the consequences, the person disregards a
substantial and unjustifiable risk that such circumstances are likely to exist.

{¶ 16} In our consideration of this appeal, we have reviewed the record, with

particular scrutiny to the transcript of the trial proceedings. The record clearly,

consistently reflects that, in alignment with appellant's fundamental lack of cooperation

with the officers during appellant's arrest, appellant conducted himself likewise

throughout the trial.

5.

{¶ 17} Appellee first called Clingenpeel to testify.  Clingenpeel testified, "On April 28, 2024 * * * We were made aware that there was an outstanding burglary charge for [appellant] * * * Dispatch received a FLOCK hit on the camera system for the license plate reader that identified his vehicle entering the east side of Bowling Green * * * [W]e were alerted to that * * * There was a court warrant for [appellant's] arrest * * * in the LEADS computer system."

{¶ 18} Clingenpeel further testified that upon locating appellant's vehicle and blocking it in place, "[Appellant] exited the plasma center * * * [I] told him that he had a warrant for his arrest.  He said there was no warrant for his arrest, he jumps in his car and began locking the doors."  Body cam footage, then played for the court, reflects that appellant next stated, "Where is the warrant?  You had it in your hand.  That's an illegal arrest * * * You don't deserve that badge at all."

{¶ 19} Inquiry of Clingenpeel was made, "Approximately how many times did you ask [appellant] to obey your commands?"  Clingenpeel replied, "I lost count.  It's numerous."  The record reflects it to be approximately 30 times.  Inquiry was next made, "And did [appellant] comply with your orders to step out of the car?"  Clingenpeel replied, "No."  Inquiry was next made, "Did [appellant] comply with your orders to unlock the vehicle?"  Clingenpeel replied, "No."  Finally, inquiry was made, "Did [appellant] comply with your orders to get on the ground?"  Clingenpeel replied, "No."

{¶ 20} Appellee called Mancuso to testify regarding these events.  Mancuso described what occurred, testifying, "[Appellant] got into his vehicle, was locking the

6.

doors, refusing to get out to be taken into custody for his [arrest] warrant * * *

[Appellant] was told numerous times to get out of the vehicle, that he was under arrest. I

threatened to spray him with pepper spray into the vehicle to make him get out.

[Appellant] still refused to do all of those things."

{¶ 21} Appellant then testified on his own behalf. Appellant stated,

[A]s far as I'm concerned that warrant was kind of -- what was it? Kind of suggestive and fabricated * * * [T]he warrant was really not even legitimate * * * I had * * * just got out of prison a few months ago -- before this had happened * * * I was short of cash * * * so, I came down here to Bowling Green [to the plasma center] just to get 50 bucks for gas and a little bit of food * * * I [locked the car door] because I wanted to see the warrant first.

{¶ 22} The trial court denied appellant's Crim.R. 29(A) motion for acquittal, and

convicted appellant of resisting arrest, finding, in pertinent part,

Physical resistance occurred * * * at the time of the approach, the defendant [entered] his car instead of stopping in the parking lot, entering the car, crossing his arms, locking the doors, [appellant] was reckless and [the court] finds the defendant guilty. Certainly, at the time that he was being removed from the vehicle, he was -- it's obvious that he was -- resisting that action as well.

{¶ 23} Upon reviewing the record in this case, in the light most favorable to the

prosecution, we find considerable evidence supporting the notion that a rational trier of

fact could find that appellant acted recklessly and with heedless indifference to the

inevitable consequences of jumping into his vehicle, locking the door, and refusing to

come out of his vehicle in response to at least 30 directives to do so from officers

executing an arrest warrant, necessitating the officers ultimately opening an unlocked rear

door, unlocking the front door, and physically removing appellant in order to restrain and

7.

handcuff him, followed by appellant next physically resisting his placement into the rear of the police vehicle.

{¶ 24} We find unconvincing appellant's self-serving assertion upon appeal, that regardless of the foregoing, "Appellant could not have reasonably contemplated that [his conduct] would result in him [being] forcibly removed from his vehicle and charged with resisting arrest." On the contrary, the record shows it to be an expected, foreseeable outcome given appellant's course of conduct on April 28, 2024, during his encounter with law enforcement.

{¶ 25} Wherefore, we find that the record of evidence is sufficient to support appellant's conviction for resisting arrest. Accordingly, appellant's sole assignment of error is found not well-taken.

{¶ 26} On consideration whereof, the judgment of the Bowling Green Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Thomas J. Osowik, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.