[Cite as *State v. Syph*, 2025-Ohio-5075.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Brayon Syph

    Appellant

Court of Appeals No. L-24-1155

Trial Court No. CR0202302084

**<u>DECISION AND JUDGMENT</u>**

Decided: November 7, 2025

* * * * *

Julia R. Bates, Esq., Lucas County Prosecutor
and Brenda J. Majdalani, Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a May 21, 2024 judgment of the Lucas County Court of

Common Pleas, denying appellant's Crim.R. 29 motion for acquittal, and convicting

appellant on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a

felony of the fourth degree, one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, and one count of operation of a motor vehicle without a valid driver's license, in violation of R.C. 4510.12, a misdemeanor of the first degree.

{¶ 2} On June 13, 2024, appellant was sentenced to a one-year term of incarceration on Count 1, Counts 1 and 2 were found to be allied offenses of similar import and were merged for sentencing, a 180-day term of incarceration on Count 3, and a 30-day term of incarceration for a contempt offense committed by appellant during the course of the trial proceedings, all sentences ordered to be served concurrently. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Brayon Syph, sets forth the following two assignments of error:

"I. The trial court erred when it denied appellant's motion for acquittal pursuant to Crim.R. 29 as to the offense of [operating a motor vehicle without a valid driver's license].

"II. Appellant's conviction for trafficking in cocaine was not supported by the manifest weight of the evidence."

{¶ 4} The following undisputed facts are relevant to this appeal. On May 25, 2023, Detective Mugler of the Toledo Police Department narcotics division was on patrol in central Toledo, working in collaboration with Trooper Boisel of the Ohio State Highway Patrol. They were performing a joint gang activity sweep in an area prone to high levels of criminal activity, particularly drug offenses.

2.

{¶ 5} Upon observing appellant fail to stop at a stop sign, the officers conducted a traffic stop. Although appellant refused to provide the officers with his physical driver's license, he alternatively provided the number of his Georgia driver's license. The license number was then run through the LEADS computer system and shown to be under suspension. During the course of the traffic stop, a canine drug sniffing unit trekked the perimeter of appellant's vehicle and alerted affirmatively to unlawful drugs inside the vehicle.

{¶ 6} Following the drug detection alert by the canine unit, the officers searched appellant's vehicle and, in the space immediately adjacent to appellant's seat, they recovered one plastic baggie containing approximately 8g of cocaine, a second, smaller plastic baggie containing less than 1g of crack cocaine, and a drug weighing scale containing cocaine residue. In conjunction, they recovered $180 cash from appellant's person. The record shows that appellant possesses an extensive criminal history spanning three states, including multiple prior felony drug offenses.

{¶ 7} On July 19, 2023, based upon the above-detailed events, appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, and one count of operation of a motor vehicle without a valid driver's license, in violation of R.C. 4510.12, a misdemeanor of the first degree.

3.

**{¶ 8}** On May 21, 2024, appellant declined a plea agreement offer that would have entailed a plea to an amended, lesser offense of possession of cocaine, as reduced to a felony of the fifth degree, the dismissal of the remaining counts, credit for time served, and placement on community control. However, appellant refused the above-detailed plea offer, waived a jury trial, refused to execute the accompanying jury waiver, and elected to proceed to a bench trial on all counts.

**{¶ 9}** Following the bench trial, appellant was convicted of all counts, as well as a contempt offense committed by appellant during the course of the trial proceedings. Appellant was sentenced to a one-year term of incarceration on Count 1, Counts 1 and 2 were merged for sentencing, a 180-day term of incarceration on Count 3, a 30-day term of incarceration on the contempt offense, all ordered to be served concurrently. This appeal ensued.

**{¶ 10}** In the first assignment of error, appellant argues that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal, as specifically pertaining to the conviction of operating a motor vehicle without a valid driver's license, in violation of R.C. 4510.12. We do not concur.

**{¶ 11}** As this court held in *State v. Cavin*, 2025-Ohio-1578, ¶ 14 (6th Dist.),

[A] motion for acquittal under Crim.R. 29(A) is a challenge to the sufficiency of the evidence. *State v. Daniel*, 2023-Ohio-2800, ¶ 46 (6th Dist.), citing *State v. Messer*, 2017-Ohio-1223, ¶ 16 (6th Dist.), citing *State v. Brinkley*, 2005-Ohio-1507, ¶ 39. The trial court's denial of a motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence. *Id.*, citing *Messer* at ¶ 16, quoting *State v. Tenace*, 2006-Ohio-2417, ¶ 37. In

4.

reviewing a challenge to the sufficiency of the evidence, an appellate court views the evidence in a light most favorable to the prosecution and determines whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id*., quoting *Messer* at ¶ 16, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997). In making that determination, the appellate court does not weigh the evidence or assess the credibility of the witnesses. *Id*., citing *Messer* at ¶ 16, citing *State v. Were*, 2008-Ohio-2762, ¶ 132. The question of whether the evidence is sufficient to support a conviction is a question of law. *Id*., citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶ 12} In conjunction, Crim.R. 29(A) provides,

The court on a motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.

{¶ 13} Lastly, R.C. 4510.12(A)(1) establishes, in relevant part, "No person * * * shall operate any motor vehicle upon a public road or highway or any public or private property used by the public for purposes of vehicular travel are parking in the state unless the person has a valid driver's license."

{¶ 14} At trial, as relevant to the first assignment of error, appellee presented the testimony of Detective Mugler ("Mugler"), one of the two officers on patrol on May 25, 2023, who conducted the initial traffic stop of appellant, culminating in the offenses underlying this appeal. Mugler first testified,

I'm a detective on the Toledo police gang task force * * * for about two and one-half years now and a Toledo police officer coming up on 8 years * * * [On May 25, 2023], I was working with OSP Trooper Boisel * * * we were driving northbound on Junction * * * we observed a 1979 white Mercury fail to stop at that intersection [Junction and Indiana].

5.

{¶ 15} As relevant to the operation of a motor vehicle without a valid license conviction, Mugler next testified, "I asked [appellant] for his driver's license. It appeared like he was going to give it to me[,] then he stopped and said he would [alternatively] give me his driver's license number * * * but it was not valid." Follow-up inquiry was made, "[W]as [appellant's license number] ever run through the computer?" Mugler replied, "Yes, ma'am. [Appellant] did not have a valid [driver's] license."

{¶ 16} In applying the above-discussed governing legal framework to this case, we find that the transcript of the bench trial proceedings clearly contains evidence that, when viewed in the light most favorable to the prosecution, reflects that a rational trier of fact could have found that evidence was presented demonstrating beyond a reasonable doubt that when the traffic stop of appellant was made on May 25, 2023, appellant had been operating a motor vehicle upon a public road without a valid driver's license. The record clearly shows that appellant solely possessed a Georgia's operator's license that, upon investigation, was established to be under suspension. No valid operator's license was presented by appellant or determined to exist for appellant.

{¶ 17} Wherefore, in accord with *Cavin*, we find appellant's first assignment of error not well-taken.

{¶ 18} In appellant's second assignment of error, appellant argues that his conviction for trafficking in cocaine, in violation of R.C. 2925.03(A)(2) was against the manifest weight of the evidence. We do not concur.

{¶ 19} As this court held in *State v. Bleau*, 2025-Ohio-1951, ¶ 19 (6th Dist.),

6.

In a bench trial, the court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, it must be determined that the court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *State v. Hayes*, 2004-Ohio-6460, ¶ 18 (6th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997). Due deference must be accorded the findings of the trial court because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Id.*, citing *State v. Archie*, 2004-Ohio-4844 (6th Dist.). Reversal on manifest weight grounds is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 20} In conjunction, R.C. 2925.03(A)(2) establishes, in relevant part, "No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog * * * intended for sale or resale by the offender or another person."

{¶ 21} As related to the disputed trafficking in cocaine conviction, Mugler first testified that the, "Canine Unit [trekked the perimeter of the vehicle and affirmatively alerted to] the possibility of narcotics." Accordingly, Mugler then conducted a search of the interior of the vehicle. Mugler testified that he discovered, "[T]ucked in between the driver's seat [where appellant had been seated] and the middle console there was a large bag of white powder * * * a black and silver scale[,] and another smaller bag of hardened white product."

{¶ 22} In conjunction, appellee presented the testimony of Chadwyck Douglass ("Douglass"), a senior criminalist with the Toledo Police Crime Lab. Douglass first

7.

testified in detail regarding his 22 years of relevant professional experience, including his training, education, and his provision of expert testimony at the state and federal level in numerous drug trafficking cases. Douglass next testified regarding his performance of tests on the above-detailed items recovered from appellant's vehicle, and his findings in connection to same. Douglass testified, "State's Exhibit 6 contains 7.70g of cocaine * * * I determined that the residue on the scale contained cocaine * * * I was able to scrape enough of the white residue off of the scale in order to identify the item as cocaine."

{¶ 23} The record shows that when appellant was stopped on May 25, 2023, a canine unit affirmatively alerted to the presence of drugs in appellant's vehicle. The record further shows that upon conducting a subsequent search of the vehicle, a plastic bag containing 7.70g of cocaine [$800 in street value], a smaller plastic bag containing less than 1g of crack cocaine, and a drug measuring scale containing cocaine residue were found between the driver's seat and the center console. In conjunction, appellant was found with $180 in cash on his person. The record shows that appellant was stopped upon running a stop sign in an area prone to drug activity during a multi-agency, law enforcement crime sweep of the area. Appellant's argument on appeal that the above-enumerated items recovered from his vehicle, "fall within the realm of possession for [appellant's] personal use" is unsupported and unpersuasive. The manifest weight of the evidence supported the trial court's determination that appellant had been unlawfully engaged in transporting and delivering cocaine for sale or resale.

8.

{¶ 24} Thus, we find that appellant has failed to demonstrate that the trial court clearly lost its way, created a manifest miscarriage of justice, and that this case constitutes an exceptional case in which the evidence weighs heavily against the disputed cocaine trafficking conviction. We find appellant's second assignment of error not well-taken.

{¶ 25} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.